No. 42,134

Roy G. McMillan and Nadine A. McMillan, *Appellants,* v. The
Jayhawk Construction Company, Inc., *Defendant,* and The
Sargent Excavating Company, Inc., *Appellee.*

(360 P. 2d 1082)

Opinion filed April 8, 1961.

*E. H. Hatcher,* of Topeka, argued the cause, and *B. J. Lempenau,* of Topeka,
was with him on the brief for the appellants.

*Ernest J. Rice,* of Topeka, argued the cause and was on the brief for the
appellee.

The opinion of the court was delivered by

Price, J.: This is an action to recover for damage to plaintiffs'
residence alleged to have resulted from excessive charges of dyna-
mite used in excavating rock for a sewer ditch. Plaintiffs appeal
from orders striking certain allegations from their second and third
amended petitions.

The story as told by the first amended petition, which was filed
on November 19, 1959, is as follows:

Plaintiffs are husband and wife, and own and reside in their home
in Topeka. On or about September 1, 1958, defendant construc-
tion company was engaged in constructing a sewer line running
about one hundred feet west of their home, and employed defendant
excavating company to excavate the ditch for the sewer pipe. It
was alleged that the excavating company, for the purpose of speed-
ing the work, used heavy and dangerous charges of dynamite with
wanton and reckless disregard of injury to plaintiffs' property; that
rocks were thrown against their house and through the bathroom

window; that the ground was shattered and cracked, causing large cracks in the basement walls, which were theretofore sealed and water resistant; that the basement now fills to overflowing with every rain; and that plaintiffs requested the workmen to cease using heavy charges of dynamite, but they refused to do so until the sheriff's office was called and an officer sent out to stop them. As a result of the foregoing, plaintiffs suffered damage to their home and basement in the sum of $3,000, and damage from the loss of use of their basement in the sum of $360. It was further alleged that they should be allowed punitive damages in the sum of $3,000, due to defendants' wanton and willful negligence. The prayer sought recovery in the amount of $6,360.

On November 27, 1959, the defendant excavating company filed a motion to make the first amended petition definite and certain in seven particulars. On the same date it also filed a motion to strike certain portions of the first amended petition. The record does not show any ruling on this motion to strike, but does show that on December 11, 1959, the motion to make definite and certain was sustained as to the last four grounds thereof, the effect of which ruling was that plaintiffs were directed to make their first amended petition more definite and certain by setting forth (1) wherein defendant excavating company acted with wanton and reckless disregard; (2) where, in relation to plaintiffs' home, the ground was shattered and cracked; (3) matters concerning the sealed and water-resistant condition of the basement walls, and (4) the elements making up the alleged damage to the house.

The foregoing order also gave plaintiffs twenty days in which to file an amended petition.

On December 14, 1959, plaintiffs filed their second amended petition containing allegations similar to those in the first amended petition, and in addition alleged that with the knowledge of the defendants, and at their direction, dangerous charges of dynamite were discharged; that defendants knew, or should have known, that such charges so discharged would cause the ground to shake and vibrate about plaintiffs' basement, causing injury thereto, and that plaintiffs orally informed defendants' employees that the explosions from the charges of dynamite were causing their house to shake and vibrate, resulting in damage, and asked them to desist, which defendants refused to do. Then appear further allegations with

respect to the damage caused to the basement walls as the result of the blasting, and these two further allegations:

"Defendants continued to use the same charges of dynamite for the purpose of speeding up the work and reducing their cost of construction, with wanton and reckless disregard of the injury that would result to the plaintiffs.

. . . . . . . . . . . .

"Plaintiffs should be allowed punitive damages in the sum of $3,000.00."

On January 6, 1960, defendant excavating company filed a motion to strike and expunge from the files the second amended petition on the ground it did not comply with the order of December 11, 1959, requiring plaintiffs to make their first amended petition definite and certain.

Also, on January 6, 1960, defendant excavating company filed a motion to strike from the second amended petition the two above-quoted allegations on the ground that such allegations, respectively, were "a naked conclusion and without any supporting facts," and "totally unsupported by the allegations" of such second amended petition.

On February 5, 1960, the motion to strike and expunge the second amended petition from the files was overruled, and the motion to strike the above-quoted allegations from such pleading was sustained. This order further recited that plaintiffs be allowed twenty days in which to file an amended petition in accordance with such order.

Pursuant to the last-mentioned order, plaintiffs, on February 8, 1960, filed their third amended petition containing allegations quite similar to those of the former petitions. This pleading, however, omitted the first of the two above-quoted allegations which was contained in the second amended petition and which was ordered stricken therefrom on February 5, 1960. It did, however, contain the allegation, "Plaintiffs should be allowed punitive damages in the sum of $3,000.00."

On March 7, 1960, defendant excavating company filed a motion to strike and expunge from the files the third amended petition on the ground such pleading did not comply with the order of February 5, 1960, requiring plaintiffs to strike certain portions of their second amended petition.

On April 4, 1960, an order was made striking from the third amended petition the sentence, "Plaintiffs should be allowed punitive damages in the sum of $3,000.00."

That portion of the motion, as such, to strike and expunge, does not appear to have been ruled on, and defendant excavating company was allowed twenty days in which to answer or otherwise plead.

On May 12, 1960, plaintiffs appealed from the order of February 5, 1960, striking the first of the two above-quoted allegations from the second amended petition, and from the order of April 4, 1960, striking from the third amended petition the sentence, "Plaintiffs should be allowed punitive damages in the sum of $3,000.00."

It is noted that defendant construction company filed its answer to the first amended petition and did not participate in the numerous subsequent motions filed by defendant excavating company, and that although it is an interested party it is not a party to this appeal. Hereafter the appellee excavating company will be referred to as defendant.

We first are confronted by defendant's contention that the appeal was not taken in time and should be dismissed. In fact, its brief is devoted solely to that one point, and the argument is this:

G. S. 1949, 60-3309, provides that an appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken. On February 5, 1960, the sentence,

"Plaintiffs should be allowed punitive damages in the sum of $3,000.00."

was ordered stricken from the second amended petition. On April 4, 1960, the identical sentence was ordered stricken from the third amended petition. The notice of appeal was filed May 12, 1960, which was more than two months after the order of February 5, 1960, and it is argued that plaintiffs could not extend the time for appeal by subsequently filing a similar pleading and then appealing from an order exactly like the first. In other words, it is contended that plaintiffs ignored the order of February 5, 1960; then pleaded the same language which was ordered stricken, in their third amended petition, and then attempt to circumvent the two-months appeal period by asking this court to compute the time from the date of the second order which was made on April 4, 1960.

We think the point is not well taken. .

It is quite true the sentence in question was contained in both the second and third amended petitions, and that it was stricken from the second amended petition on February 5, 1960. When that order was made plaintiffs were granted twenty days in which to file a third

amended petition. They did so, and in such pleading omitted one of the two quoted allegations which had been ordered stricken from their second amended petition, but they again pleaded the sentence in question. It perhaps is correct to say that plaintiffs could have appealed from the order of February 5, 1960, but, having been granted permission to amend, they filed their third amended petition, which, of course, amounted to an acquiescence in the order of February 5th, and which precluded their appealing from that order.

Under the facts and circumstances disclosed by the pleadings before us, the true test of this matter appears to be whether, in their third amended petition, plaintiffs have pleaded facts sufficient to state a cause of action for punitive damages, thus rendering proper the inclusion in such pleading of the sentence in question which was stricken on April 4, 1960, and from which the appeal was taken on May 12, 1960. The allegations of the third amended petition, some of which have heretofore been mentioned, have been examined and in our opinion are sufficient to state a cause of action for punitive damages. The sentence in question was therefore improperly stricken, and we find no basis upon which to dismiss the appeal.

Under the provisions of G. S. 1959 Supp. 60-3314a, the order striking from the second amended petition the first of the two above quoted allegations also is reviewable. In view of other allegations in that pleading, we think it may not be said such stricken allegation was merely "a naked conclusion and without any supporting facts." Without further discussion, therefore, our conclusion is that each of the orders from which this appeal was taken was erroneous, and the judgment is reversed.